O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

MARYLOU COURIE,                )      Case No. EDCV 12-00087-MLG
                               )
          Plaintiff,           )      MEMORANDUM OPINION AND ORDER
                               )
     v.                        )
                               )
MICHAEL J. ASTRUE,             )
Commissioner of the            )
Social Security                )
Administration,                )
                               )
          Defendant.           )
_____)

     Plaintiff Marylou Courie seeks judicial review of the
Commissioner's final decision denying her applications for Social
Security Disability Insurance Benefits ("DIB") and Supplemental Security
Income ("SSI") benefits under Title XVI of the Social Security Act. 42
U.S.C. § 1381 *et seq*. For the reasons set forth below, the decision of
the Commissioner is affirmed.


I.  **Background**

     Plaintiff was born on October 7, 1958. (Administrative Record
("AR") at 22, 201.) She has a sixth grade education and has work
experience as a telemarketer. (AR at 33, 159.) Plaintiff filed her
 applications on September 18, 2008, alleging disability since September

15, 2008 due to obesity, left and right knee pain, chronic kidney disease, possible pulmonary emphysema, anxiety disorder and depression. (AR at 14, 65-68.)

Plaintiff's applications were denied initially on May 21, 2009, and upon reconsideration on November 16, 2009. (AR at 69-73, 76-81.) An administrative hearing was held on November 3, 2010, before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. Plaintiff, represented by counsel, testified, as did Medical Expert ("ME") Dr. Samuel Landau and Vocational Expert ("VE") David A. Rinehart. (AR at 31-64.)

On December 10, 2010, ALJ Harrell issued an unfavorable decision. (AR at 8-24.) The ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR at 14.) The ALJ further found that, pursuant to 20 C.F.R. 416.920(c), the medical evidence established that Plaintiff suffered from the following severe impairments: obesity, mild osteoarthritis of the right knee, internal derangement of the left knee post arthroscopic surgery, stage 2-3 chronic kidney disease, possible pulmonary emphysema, generalized anxiety disorder, and depression. (Id.) However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.)

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations:

the claimant can stand and/or walk for 2 hours out of an 8-hour workday, for 15 to 30 minutes at a time, with the use of a cane as needed; the claimant is precluded from work on uneven surfaces; the claimant can sit for 8 hours out of an 8-

2

hour workday with normal breaks, such as every two hours; the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; the claimant can occasionally stoop and bend; the claimant is precluded from climbing ladders but can climb stairs; the claimant is precluded from work at heights or work with balancing requirements; the claimant is precluded from squatting, kneeling, crawling, running, jumping or pivoting; the claimant cannot operate foot pedals or controls on the right-side, however, there are no restrictions on the left-side; the claimant's work environment should be as clean as possible and air conditioned to minimize inhaled pollutants; the claimant is precluded from high stress or fast paced work, either physically or mentally; the claimant is precluded from intense interactions with co-workers, supervisors or the public; the claimant is limited to frequent use of her hands.

(AR at 15-16.)

The ALJ concluded that Plaintiff's impairments prevented her from performing her past relevant work. (AR at 22.) However, based on the VE's testimony, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR at 22-23.) The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (AR at 23.)

On December 20, 2011, the Appeals Council denied review (AR at 1-3). Plaintiff then timely commenced this action for judicial review. On July 23, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by:

1   (1) improperly concluding at step three of the sequential process that
2   Plaintiff's impairments did not medically meet or equal a listed
3   impairment and (2) failing to perform a proper credibility analysis.
4   (Joint Stip. at 3.) Plaintiff seeks reversal of the Commissioner's
5   denial of her application and payment of benefits or, in the
6   alternative, remand for a new administrative hearing. (Joint Stip. at
7   25.) The Commissioner requests that the ALJ's decision be affirmed.
8   (Joint Stip. at 26.)

9

10   **II.  Standard of Review**

11        Under 42 U.S.C. § 405(g), a district court may review the
12   Commissioner's decision to deny benefits. The Commissioner's or ALJ's
13   decision must be upheld unless "the ALJ's findings are based on legal
14   error or are not supported by substantial evidence in the record as a
15   whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra*
16   *v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means
17   such evidence as a reasonable person might accept as adequate to support
18   a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark*
19   *v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a
20   scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*,
21   466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial
22   evidence supports a finding, the reviewing court "must review the
23   administrative record as a whole, weighing both the evidence that
24   supports and the evidence that detracts from the Commissioner's
25   conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If
26   the evidence can support either affirming or reversing the ALJ's
27   conclusion," the reviewing court "may not substitute its judgment for
28   that of the ALJ." *Robbins*, 466 F.3d at 882.

4

1   **III. Discussion**

2   **A.   The ALJ Properly Determined That Plaintiff's Impairments Do**

3   **Not Meet or Equal a Listed Impairment**

4   Plaintiff contends that the ALJ erred by summarily concluding that

5   her combined impairments did not meet or equal one of the impairments

6   listed in 20 C.F.R. § 404, Subpt. P, App. 1.  Plaintiff also claims that

7   the ALJ should have found that her combined impairments medically equal

8   Listing 1.02A because the ALJ's determination that Plaintiff was

9   precluded from working on uneven surface means that Plaintiff has an

10  "inability to ambulate effectively," as defined in 1.00B2b. (Joint Stip.

11  at 3-10.) These contentions lack merit.

12  Plaintiff first contends that the ALJ erred by summarily

13  determining, at step three of the sequential process, that Plaintiff's

14  impairments did not meet or equal a listed impairment. (Joint Stip. at

15  3.) At step three of the sequential evaluation process, an ALJ considers

16  whether an applicant has an impairment or combination of impairments

17  that meet or medically equal an impairment included in the federal

18  regulations' listing of disabling impairments.

19  Plaintiff argues that the ALJ erred by not citing or discussing any

20  specific section of the listings and by failing to explain how the

21  medical evidence in the record supported his finding at step three.

22  (Joint Stip. at 3.) In a single sentence, the ALJ found that the medical

23  record lacked evidence of impairments that would meet or equal a listed

24  impairment. (AR at 14.)

25  An ALJ is required to adequately explain the basis for his or her

26  determination that an applicant's impairments do not equal a listing.

27  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, an ALJ

28  is not required to "state why a claimant failed to satisfy every

5

different section of the listing impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). Accordingly, a well-developed discussion of the factual basis of a claimant's impairments elsewhere in a hearing decision may, under certain circumstances, support an unexplained finding of no medical equivalence at step three. *Id.* at 1201 (finding an ALJ's four-page summary of the record an adequate basis for unexplained statement that the applicant's impairments did not meet or equal any listing). Here, the ALJ reviewed Plaintiff's medical history in detail, including Plaintiff's knee impairments and obesity. (AR at 18-21.) The ALJ also reviewed Plaintiff's hearing testimony (which the ALJ found not fully credible), the opinion of the testifying medical expert, Dr. Landau, and the opinion of the consultative examining physician, Dr. To, in determining that Plaintiff was not disabled. (Id.) This review of the evidence supports the ALJ's step three finding under *Gonzalez*. The ALJ did not err in failing to explain his finding that Plaintiff's impairments were not medically equivalent to any listed impairments. *See Howard ex. rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (finding that an ALJ is not required to discuss every piece of evidence in the record in reaching a disability determination). The ALJ provided ample specific and legitimate reasons, supported by substantial evidence in the record, for finding that Plaintiff was not disabled.

Plaintiff further contends that the combined impairments of her left and right knees medically equal Listing 1.02A. Section 1.01, *et seq.*, of the disability listings cover impairments of the musculoskeletal system. Listing 1.02, entitled: "Major dysfunction of a joint(s) (due to any cause)" provides as follows:

//

1     Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

     A.   Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle) resulting in inability to ambulate effectively, as defined in 1.00B2b; or

     B.   Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.02.

Plaintiff contends that her severe impairments of mild osteoarthritis of the right knee and internal derangement of the left knee post status arthroscopic surgery medically equal Listing 1.02A. (Joint Stip. at 6-7.) But Plaintiff has failed to show that her combined impairments are medically equivalent to a listed impairment. The mere diagnosis of a listed impairment is not sufficient to sustain a finding of disability. 20 C.F.R. § 404.1525(d); *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). Indeed, "[i]t is not enough for an applicant to show he has a severe impairment that is one of the listed impairments to find him per se disabled." *Young v. Sullivan*, 911 F.2d 180, 181 (9th Cir. 1990). To "meet" a listed impairment, a claimant must present medical findings establishing that he meets each characteristic of the

7

1 listed impairment. 20 C.F.R. § 404.1525(d); *Tackett v. Apfel*, 180 F.3d
2 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, "a claimant
3 must establish symptoms, signs and laboratory findings 'at least equal
4 in severity and duration' to the characteristics of a relevant listed
5 impairment, or, if a claimant's impairment is not listed, then to the
6 listed impairment 'most like' the claimant's impairment." *Tackett*, 180
7 F.3d at 1099 (quoting 20 C.F.R. § 404.1526).

8      In this case, Plaintiff has failed to show how the medical evidence
9 satisfies the criteria of Listing 1.02A. Plaintiff makes the conclusory
10 statement that her combined impairments meet the disability listing and
11 occasionally cites to her medical records without establishing how these
12 medical reports demonstrate that she has met the requirements of Listing
13 1.02A. The medical records to which Plaintiff refers in support of her
14 argument only provide diagnoses and results; they do not state any
15 limitations. In addition, no physician has used or interpreted
16 Plaintiff's medical records to find that Plaintiff has an impairment or
17 combined impairments which meet or medically equal Listing 1.02A. The
18 ALJ properly relied on the opinions of the testifying medical expert and
19 the consultative examining physician, neither of whom found that
20 Plaintiff's impairments meet or medically equal Listing 1.02. (AR at 20-
21 21.)

22      In addition, Plaintiff argues that she meets or equals section
23 1.03's requirement of an "inability to ambulate effectively" because the
24 ALJ determined that Plaintiff's RFC precluded her from working on uneven
25 surfaces. (Joint Stip. at 9-10.) Although the ALJ's finding that
26 Plaintiff cannot work on uneven surfaces may indicate that Plaintiff is
27 unable "to walk a block at a reasonable pace on rough or uneven
28 surfaces," which could impact her ability to ambulate effectively, (*see*

8

20 C.F.R., Pt. 404, Subpt. P, App. 1, § 1.00B2b), the inability to ambulate effectively *in and of itself* is not sufficient to establish that Plaintiff's impairment equals Section 1.02. *See, e.g., Reese v. Astrue*, 2012 WL 137567, *4 (C.D.Cal. 2012). AS discussed in detail above, Plaintiff has failed to show that her impairment meets or equals each of the characteristics of Section 1.02.

When considering the record as a whole, it is clear that Plaintiff has not met her burden of demonstrating that her symptoms met or equaled the criteria of Listing 1.02A. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 145-152 (1987) (placing burden on claimant to produce evidence that impairment meets listing). The ALJ correctly found, at step three of the sequential analysis, that Plaintiff's impairments do not meet one of the listed impairments. Accordingly, Plaintiff is not entitled to relief on this claim.

**B.   The ALJ Properly Evaluated Plaintiff's Credibility and Subjective Symptom Testimony**

Plaintiff argues that the ALJ failed to make a proper credibility determination because he solely relied upon Plaintiff's ability to perform certain activities of daily living, which Plaintiff contends do not establish her ability to perform full time gainful employment. (Joint Stip. at 15.) However, contrary to Plaintiff's contention, the ALJ did not rely only upon Plaintiff's daily activities in finding her less than credible, but also properly relied upon other valid factors in assessing Plaintiff's credibility.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First,

9

1  the ALJ must determine whether the claimant has presented objective
2  medical evidence of an underlying impairment which could reasonably be
3  expected to produce the alleged pain or other symptoms. *Lingenfelter*,
4  504 F.3d at 1036. "[O]nce the claimant produces objective medical
5  evidence of an underlying impairment, an adjudicator may not reject a
6  claimant's subjective complaints based solely on a lack of objective
7  medical evidence to fully corroborate the alleged severity of pain."
8  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the
9  extent that an individual's claims of functional limitations and
10 restrictions due to alleged pain is reasonably consistent with the
11 objective medical evidence and other evidence in the case, the
12 claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at
13 *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[1]

14     Unless there is affirmative evidence showing that the claimant is
15 malingering, the ALJ must provide specific, clear and convincing reasons
16 for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883.
17 "General findings are insufficient; rather, the ALJ must identify what
18 testimony is not credible and what evidence undermines the claimant's
19 complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d
20 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work
21 record, observations of medical providers and third parties with
22 knowledge of claimant's limitations, aggravating factors, functional
23 restrictions caused by symptoms, effects of medication, and the
24 claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 &

25 _____

26     [1]    "The Secretary issues Social Security Rulings to clarify the
   Secretary's regulations and policy .... Although SSRs are not published
27 in the federal register and do not have the force of law, [the Ninth
   Circuit] nevertheless give[s] deference to the Secretary's
28 interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id.* (citations omitted).

Plaintiff testified at the administrative hearing to the following symptoms and functional limitations: she has pain when she sits for long periods of time and can only sit for about 25 minutes at a time; she has to lie down about nine times per day; she has hand pain and difficulty doing fine grasping; she experiences panic attacks; and she cannot perform her past work as a telemarketer because her hands go numb and start burning. (AR at 39-53.)

The ALJ found that Plaintiff's medical impairments could reasonably be expected to cause the alleged symptoms. (AR at 17.) The ALJ was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations.

The ALJ provided a number of reasons for rejecting Plaintiff's testimony, each of which is fully supported by the record. First, the ALJ noted various inconsistencies between her testimony and her conduct. For example, the ALJ noted that Plaintiff was receiving unemployment compensation up until recently and admitted she was actively seeking employment as a telemarketer, which is inconsistent with her allegations of disability. (AR at 16.) The ALJ also observed that Plaintiff's claim that she cannot work in an office with other people because of panic attacks is inconsistent with her seeking work as a telemarketer as well as the fact that she lives in a house with seven other people, including a non-related renter. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (in weighing a claimant's credibility, the ALJ may

11

1  consider  inconsistencies  either  in  her  testimony  or  between  her
2  testimony and her conduct).

3       Next, the ALJ noted that Plaintiff was fired from her last position
4  as a telemarketer for poor performance, rather than quitting due to her
5  impairments. *See Bruton v. Massanari*, 268 F.3d 824, 826 (9th Cir. 2001)
6  (holding  that  ALJ  properly  considered  fact  that  Plaintiff  stopped
7  working because she was laid off, not because of a medical disability).

8       The  ALJ  also  properly  determined  that  Plaintiff's  ability  to
9  perform  certain  daily  activities,  such  as  cooking,  doing  laundry,
10 driving,  doing  some  grocery  shopping,  and  cleaning  the  house  were  at
11 odds with her claims of debilitating pain. (AR at 17.) While it is true
12 that "one does not need to be 'utterly incapacitated' in order to be
13 disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), the
14 extent  of  Plaintiff's  activity  here  supports  the  ALJ's  finding  that
15 Plaintiff's reports of her impairment were not fully credible. *See Bray*
16 *v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009);
17 *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the
18 claimant's ability to "take care of her personal needs, prepare easy
19 meals, do light housework and shop for some groceries ... may be seen
20 as inconsistent with the presence of a condition which would preclude
21 all work activity") (citing *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir.
22 1989)). In addition, the ALJ noted that the ability to do all of these
23 daily activities was at odds with Plaintiff's testimony that she had to
24 lie  down  nine  times  per  day  because  of  pain  and  was  essentially
25 bedridden. (Id.)

26      The  ALJ  also  observed  that  Plaintiff  had  relatively  routine  and
27 conservative  treatment  for  her  chronic  obstructive  pulmonary  disease.
28 (AR at 18-19.) In addition, the ALJ noted that Plaintiff's care for her

anxiety and depression was conservative, being limited to medication and follow-up visits every two months. (AR at 18.) *See Tommasetti v.* Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (finding that claimant's allegations of persistent, severe pain and discomfort belied by "minimal conservative treatment"); *see also Flaten v. Secretary*, 44 F.3d 1456, 1464 (9th Cir. 1995) (ALJ permitted to draw rational inferences from treatment history). The ALJ also observed that, despite her doctor's recommendation that Plaintiff quit smoking in order to help her pulmonary disease, Plaintiff was reported as repeatedly non-compliant. (AR at 18, 404, 406, 460.) An ALJ may properly rely on "unexplained or inadequately explained failure to seek treatment or to follow a course of treatment" in assessing credibility. *Tommasetti v.* Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ made specific findings articulating clear and convincing reasons for his rejection of Plaintiff's subjective testimony. *Smolen*, 80 F.3d at 1284. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. *Magallanes*, 881 F.2d at 750. A reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair*, 885 F.2d at 604. It was reasonable for the ALJ to rely on the reasons stated above, each of which is fully supported by the record, in rejecting the credibility of Plaintiff's subjective complaints. In sum, the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of her symptoms as not being wholly credible.

//

//

//

13

**IV.   CONCLUSION**

     For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be affirmed and this case be dismissed with prejudice.

DATED: <u>July 31, 2012</u>

                                         _____
                                         Marc L. Goldman
                                         United States Magistrate Judge

14